UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ADAM ARTINGER,                           )
                                         )
          Movant,                        )
                                         )
     vs.                                 )          Case No. 4:12CV01816 ERW
                                         )
UNITED STATES OF AMERICA,                )
                                         )
          Respondent.                    )

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant Adam Artinger's Motion under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [ECF No. 1].  The

United States filed its Reponse on January 16, 2013.  [ECF No. 5].

## I.     BACKGROUND AND PROCEDURAL HISTORY

On April 7, 2011, the United States charged Movant with two criminal counts: (I) conspiracy

to manufacture fifty grams or more of methamphetamine, a Schedule II controlled substance, in

violation of 21 U.S.C. §§ 841(a)(1) and 846; and (II) possession of pseudoephedrine, a List 1

chemical, with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1).[1]

On July 20, 2011, Movant entered a Guilty-Plea Agreement with the United States pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(A); he agreed to plead guilty to Count I in exchange

for the United States' dismissal of Count II.  On October 17, 2011, the Court imposed a sentence of

76 months' imprisonment with four years of supervised release.

On October 4, 2012, Movant filed *pro se* the pending Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  In his Motion, Movant asks

---

[1]The underlying criminal case has a CM/ECF number of 4:11CR00125 ERW.

the Court to reduce his sentence on two grounds. First, Movant contends that when the Court

sentenced him on October 17, 2011, it failed to credit time spent in state custody from May 2011 to

October 2011. Second, Movant claims his attorney provided ineffective assistance at his sentencing

for failing to advise the Court of time spent in state custody.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may move the court to vacate, set aside, or

correct a sentence on grounds "that the sentence was imposed in violation of the Constitution or the

laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack[.]"  To obtain relief under § 2255, the movant must establish a violation constituting "a

fundamental defect which inherently results in a complete miscarriage of justice." *United States v.*

*Gomez,* 326 F.3d 971, 974 (8th Cir. 2003).

Procedural default may limit a movant's relief under § 2255.  Specifically, a movant "cannot

raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been

raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994)

(citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  To overcome this default, the

movant must demonstrate either "(1) cause for the default and actual prejudice or (2) actual

innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001); *Smith v. U.S.*, 256 Fed.

Appx. 850, 852 (8th Cir. 2007).

A movant may, however, raise for the first time an ineffective assistance of counsel claim

in a § 2255 motion, regardless of the feasibility of such a claim on direct appeal. *Massaro v. United*

*States*, 538 U.S. 500, 504 (2003); *U.S. v. Brown*, 539 F.3d 835, 842 (8th Cir. 2008).  This exception

to the general procedural default rule exists to prevent movants from having "to raise the issue before

there has been an opportunity to fully develop the factual predicate for the claim." *Massaro*, 538 U.S. at 504. Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). Thus, demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from bringing a § 2255 motion, the court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, the Court must conduct an evidentiary hearing when "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). In contrast, a court may dismiss a claim without an evidentiary hearing, if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Tinajero-Ortiz v. U.S.*, 635 F.3d 1100, 1105 (8th Cir. 2011).

## III. DISCUSSION

Movant asserts two claims for relief. First, he contends that when the Court sentenced him on October 17, 2011, it failed to credit time spent in state custody from May 2011 to October 2011. Second, he claims his attorney provided ineffective assistance at his sentencing for failing to advise the Court of time spent in state custody. The United States responds that Movant failed to provide any facts in support of his allegations. Additionally, the United States maintains that "[t]he

calculation of time spent in custody is a matter within the discretion of the [B]ureau of [P]risons and not the proper subject of a motion pursuant to Section 2255."

**A.      Failure to Credit Time Spent in State Custody**

Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences[.]" The district courts, however, lack authority to award such credit at sentencing. *U.S. v. Wilson*, 503 U.S. 329, 333 (1992). Rather, "the Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. § 3585(b)]." *U.S. v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

Accordingly, Movant's first claim for relief falls beyond the scope of a § 2255 motion. Even assuming the Bureau of Prisons failed to properly credit Movant's time, the Court lacks authority to adjust his sentence at this stage. Movant may properly bring his claim before the Bureau of Prisons and exhaust his administrative remedies pursuant to 28 C.F.R. §§ 542.10 through 542.16. "[A]fter properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241." *Id.* (citing *Wilson*, 503 U.S. at 335; *U.S. v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004)).

**B.      Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel requires a showing "(1) that the attorney's performance was deficient, falling below professional standards of competence; and (2) that the deficient performance prejudiced the defendant." *U.S. v. White*, 341 F.3d 673, 677 (8th Cir. 2003) (internal quotations omitted). This two-part test applies in situations where a movant raises ineffective assistance of counsel claims after entering a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the prejudice requirement in this situation, a movant must show that "counsel's

constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *Strickland v. Washington*, 466 U.S. 668, 697 (1987); *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000). Movant bears the burden of proving counsel's performance was objectively unreasonable, considering all of the circumstances. *Strickland*, 466 U.S. at 697. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Even accepting Movant's factual allegations as true, he has shown neither deficient performance by counsel nor prejudice. Because the Bureau of Prisons has the exclusive responsibility of crediting Movant's sentence, Movant's counsel had no duty to raise that issue at sentencing. Thus, Movant has not alleged an error "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. Moreover, Movant has failed to establish prejudice, because even if his counsel raised this issue at sentencing, the Court lacks the authority to compute a sentencing credit. *Tindall*, 455 F.3d at 888.

## C.     Right to an Evidentiary Hearing

A court may dismiss a § 2255 motion without an evidentiary hearing, if movant's "allegations, accepted as true, would not entitle the [movant] to relief[.]" *Tinajero-Ortiz v. U.S.*, 635 F.3d at 1105. Accepting the factual allegations in Movant's Motion as true, Movant has still failed to provide grounds upon which the Court could act. Until Movant exhausts his administrative remedies and files a petition for habeas corpus under 28 U.S.C. § 2241, the Court lacks authority to credit his sentence. Additionally, Movant has failed to allege facts that constitute a colorable claim for ineffective assistance of counsel. Because Movant's allegations, accepted as true, would not entitle him to relief, the Court will not conduct an evidentiary hearing on this Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Adam Artinger's Motion under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED.**

Dated this  23rd  day of August, 2013.


E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE